1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FLUTCHER S. LEGARDY,[1]

11              Plaintiff,                    No. 2:10-cv-01462 GEB KJN PS

12        v.                                 ORDER

13   UNKNOWN,

14              Defendants.

15   _____/

16              Plaintiff, who is proceeding without counsel, filed his complaint on June 14,

17   2010.  (Dkt. No. 1.)  Presently before the court is plaintiff's application to proceed without

18   prepayment of fees, or in forma pauperis.  (Dkt. No. 2.)  For the reasons stated below, the

19   undersigned will grant plaintiff's application to proceed in forma pauperis, but will dismiss his

20   complaint without prejudice.  Plaintiff will be granted leave to file an amended complaint.

21              Plaintiff has requested leave to proceed in forma pauperis.  Pursuant to federal

22   statute, a filing fee of $350 is required to commence a civil action in federal district court.  28

23   U.S.C. § 1914(a).  The court may, however, authorize the commencement of an action "without

24   _____

25        [1]  Although plaintiff's complaint reflects that plaintiff's name is spelled "Flutcher S.
     Legardy," a letter from the Social Security Administration that is attached to the complaint
26   reflects a spelling of "Fletcher Legardy."  (Dkt. No. 1 at 8.)

1

1    prepayment of fees and costs or security therefor" by a person that is unable to pay such fees or

2    provide security therefor.  28 U.S.C. § 1915(a)(1).  Plaintiff's application and declaration make

3    the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the undersigned will grant

4    plaintiff's request to proceed in forma pauperis.

5            The determination that a plaintiff may proceed in forma pauperis does not

6    complete the required inquiry.  The court is also required to screen complaints brought by parties

7    proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d

8    845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

9    limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

10   Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in

11   forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if

12   the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

13   monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also

14   clear that section 1915(e) not only permits but requires a district court to dismiss an in forma

15   pauperis complaint that fails to state a claim.").

16           Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a

17   plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims

18   showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d

19   1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if,

20   taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a

21   claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031,

22   1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

23   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24   draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness

25   v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.

26   Ct. at 1949).  The court accepts "all facts alleged as true and construes them in the light most

2

favorable to the plaintiff." <u>County of Santa Clara v. Astra USA, Inc.</u>, 588 F.3d 1237, 1241 n.1

(9th Cir. 2009).  The court is "not, however, required to accept as true conclusory allegations that

are contradicted by documents referred to in the complaint, and [the court does] not necessarily

assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must

construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a

plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it

appears at all possible that the plaintiff can correct the defect.  <u>See Lopez</u>, 203 F.3d at 1130-31.

Upon review of the complaint, the undersigned will dismiss the complaint for

failure to comply with the pleading standards described above, but will permit plaintiff to file an

amended complaint.  The pleading deficiencies in the complaint are fundamental and preclude

the court from ordering service of the complaint.

First, plaintiff's complaint does not name or otherwise identify a defendant from

whom plaintiff seeks relief.  Thus, even if the court were to permit plaintiff's complaint to be

served, there is no identifiable defendant upon whom to serve the complaint.  In any amended

complaint, plaintiff must name an appropriate defendant from whom he seeks relief.

Second, plaintiff's complaint does not allege facts that would state a claim upon

which relief may be granted and, indeed, does not appear to seek any specific form of relief at all.

With no offense intended toward plaintiff, plaintiff's complaint is largely unreadable and

indecipherable.  The facts alleged all appear to relate to the period of 1962 to 1977.  The

complaint recounts facts including the following: (1) plaintiff joined the Army National Guard,

apparently in 1976, and returned from basic training on December 24 of that year; (2) on

December 27, 1976, plaintiff was robbed at gunpoint after leaving a bank; (3) plaintiff was

married in 1977; (4) plaintiff wrote songs and movies from 1962 until the date he was robbed;

and (5) the robbery and something that plaintiff saw on television prompted him to travel to

Washington, D.C. on October 28, 1977 to see then-Speaker of the House of Representatives,

3

1  Thomas Phillip "Tip" O'Neill.  None of these facts supports a claim showing that plaintiff is

2  entitled to any form of relief from any identifiable defendant.

3          Plaintiff has also attached a hand-written letter from him to United States

4  Congresswoman Doris Matsui, which is dated June 10, 2010.  (Dkt. No. 1 at 6-7.)  As with the

5  complaint, however, the letter sheds no light on what plaintiff's purported claim is or the relief he

6  is seeking.  The letter again makes reference to the year 1977 and then-Speaker O'Neill.

7          Also attached to plaintiff's complaint is a letter from the Social Security

8  Administration, dated June 10, 2010, responding to plaintiff's request for information.  (Dkt. No.

9  1 at 8.)  The letter indicates that plaintiff receives monthly disability benefits.  However, nothing

10  contained in this letter or the allegations in the complaint suggests that plaintiff's claim relates to

11  his Social Security benefits.

12          Additionally, plaintiff's Civil Cover Sheet filed with the court sheds no light on

13  his purported claims.  This is because plaintiff failed to complete any portion of the Civil Cover

14  Sheet.  (Dkt. No. 1, Doc. No. 1-2.)

15          Based on the foregoing, the undersigned will dismiss plaintiff's complaint.

16  However, plaintiff will be granted leave to file an amended complaint that complies with Rule 8

17  and corrects the deficiencies addressed herein.  Lopez, 203 F.3d at 1126-27 (district courts must

18  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

19  Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the

20  caption and the body of the amended complaint, and clearly set forth the factual allegations

21  against each such defendant showing entitlement to relief, as well as the relief sought.

22          Plaintiff shall also specify a basis for this court's subject matter jurisdiction.

23  Generally, original federal subject matter jurisdiction may be premised on two grounds:

24  (1) federal question jurisdiction, or (2) diversity jurisdiction.  District courts have federal

25  question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of

26  the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal

4

1   law creates the cause of action or 'where the vindication of a right under state law necessarily

2   turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d

3   1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr.

4   Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of

5   federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

6   that federal jurisdiction exists only when a federal question is presented on the face of the

7   plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc.,

8   582 F.3d 1083, 1091 (9th Cir. 2009).  District courts have diversity jurisdiction over "all civil

9   actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

10  interest and costs," and the action is between:  "(1) citizens of different States; (2) citizens of a

11  State and citizens or subjects of a foreign state; (3) citizens of different States and in which

12  citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff

13  and citizens of a State or of different States."  28 U.S.C. § 1332.

14          Additionally, plaintiff is informed that the court cannot refer to prior pleadings in

15  order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an

16  amended complaint be complete in itself.  This is because, as a general rule, an amended

17  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

18  ("The amended complaint supersedes the original, the latter being treated thereafter as

19  non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original no longer

20  serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the

21  original complaint which are not alleged in the amended complaint," London v. Coopers &

22  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

23  are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

24          Finally, the undersigned cautions plaintiff that failure to comply with the Federal

25  Rules of Civil Procedure, this court's Local Rules, or any court order may result in a

26  recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); Local Rules 110,

183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

For the reasons stated above, IT IS HEREBY ORDERED that:

1.     Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted;

2.     Plaintiff's complaint is dismissed with leave to amend; and

3.     Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the First Amended Complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  June 16, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE