IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLUTCHER S. LEGARDY,

        Plaintiff,                    No. 2:10-cv-01462 GEB KJN PS

    v.

UNKNOWN,

        Defendants.             FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding without counsel and in forma pauperis, filed his complaint on June 14, 2010. (Dkt. No. 1.) Upon screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed plaintiff's complaint with leave to file a First Amended Complaint within 30 days of service of the screening order.[1] (Dkt. No. 3.) Just prior to the expiration of that filing deadline, plaintiff moved the court for an extension of time within which to file a First Amended Complaint, seeking a six-day extension of time. (Dkt. No. 4.) The court granted his request and permitted plaintiff six additional days to file a First Amended Complaint.

---

[1] As noted in the screening order, the complaint failed to identify a defendant upon whom the complaint could be served and was made up of a series of incomprehensible allegations. The court attempted to decipher plaintiff's complaint, but was unable to ascertain a defendant against whom relief was sought, or any facts that would give rise to a claim for relief. Simply, put, the court could not determine the goal of plaintiff's lawsuit.

1

(Dkt. No. 5.)

Instead of filing a timely amended complaint, plaintiff filed a request for an undefined "continuance" of his case. (Dkt. No. 6.) On July 28, 2010, the court entered an order declining plaintiff's request for an open continuance of his case and ordered plaintiff to file a First Amended Complaint within seven days of the service of the order. (Dkt. No. 7.) The court's order warned plaintiff that the seven-day continuance represented plaintiff's "*final opportunity*" to file a First Amended Complaint and that failure to timely file a First Amended Complaint would result in a recommendation that his case be dismissed.

Despite the court's warning, and a previous warning to the same effect, plaintiff failed to file a First Amended Complaint. As a result of this unreasonable delay and inaction, the undersigned will recommend that plaintiff's case be dismissed for failure to prosecute and failure to follow the court's orders. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Although a district court may dismiss an action based on a plaintiff's failure to prosecute, it must weigh several factors in evaluating whether to order dismissal. See, e.g., Ghazali, 46 F.3d at 53; Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation and quotation marks omitted).

Here, the first two factors—the public's interest in expeditious resolution of the litigation and the court's need to manage its docket—both favor dismissal. Plaintiff filed a

complaint that names no defendant and fails to state a claim on which relief can be granted.  He subsequently abandoned his case, which now lingers on the court's docket.  Plaintiff has allowed his case to sit idle despite repeated warnings by the court that such inaction would result in a recommendation of dismissal.  This signals plaintiff's clear intention not to prosecute his case.

Regarding the third factor, there is no risk of prejudice to the defendants.  But this is so only because *plaintiff has not named or otherwise identified any defendants*.  The fourth factor militates against involuntary dismissal because such dismissal would not dispose of plaintiff's case on the merits.

Finally, the fifth factor favors dismissal because no less drastic sanctions are available.  Plaintiff, who is proceeding in forma pauperis, would likely be unable to pay any monetary sanction.  Moreover, any evidentiary sanction would be fruitless where no operative complaint is on file, no defendants have been identified, and it remains unclear what plaintiff's case is even about.

On balance, the undersigned concludes that the factors listed above favor dismissal of this action.  Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failures to prosecute the action and comply with the court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

1 Failure to file objections within the specified time may waive the right to appeal the District
2 Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
3 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: September 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE